IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARGARET ANN O'HARE,  )
                     )
        Plaintiff,   )
                     )
    v.               )
                     ) Civil Action No. 13-950
CAROLYN W. COLVIN,   )
ACTING COMMISSIONER OF )
SOCIAL SECURITY,     )
                     )
        Defendant.   )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 22nd day of September, 2014, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, IT IS ORDERED that the Acting Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 12) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB and SSI on October 6, 2010, alleging disability beginning on June 30, 2010, due to myotonic dystrophy. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on April 3, 2012, at which she appeared and testified while represented by counsel. On April 11, 2012, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on May 31, 2013, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 35 years old on her alleged disability onset date, and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work experience as a fast food worker, photo lab technician, gas station cashier and sandwich maker, but she has not engaged in

substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of myotonic dystrophy, irritable bowel syndrome, migraines and anemia, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform sedentary work with a number of additional non-exertional limitations. Plaintiff is restricted to only occasional balancing, stooping, kneeling, crouching, crawling and climbing ramps and stairs, and she is precluded from climbing ladders, ropes or scaffolds. Plaintiff is limited to frequent bilateral handling and fingering, but only occasional pushing and pulling with the bilateral upper extremities. She also requires a sit/stand option for one to two minutes at one hour intervals throughout the workday. In addition, plaintiff must avoid concentrated exposure to extreme hot and cold temperatures, humidity, irritants (such as fumes, odors, dust, gases and poorly ventilated areas) and hazards, including dangerous machinery and unprotected heights. Further, plaintiff is precluded from work that requires fine visual acuity, as well as fast-paced production

type work. Finally, plaintiff requires two additional ten minute bathroom breaks in addition to regularly scheduled breaks (collectively, the "RFC Finding").

Based upon testimony by a vocational expert, the ALJ concluded that plaintiff's vocational factors and residual functional capacity do not permit her to perform her past relevant work. However, the ALJ found that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as an ink printer or laminator. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Social Security Regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4)

AO 72
(Rev. 8/82)

if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity.[1] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ erred at step 5 because: (1) he gave inadequate weight to the opinion of plaintiff's treating physician; (2) he did not properly evaluate plaintiff's credibility; and (3) he mischaracterized the record. The court finds that each of these arguments lack merit.

Plaintiff first argues that the ALJ did not properly weigh the opinion of her treating physician, Dr. Mario Fatigati. A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §§404.1527(c)(2), 416.927(c)(2). Under this standard, the ALJ properly determined that Dr. Fatigati's opinion should not be given controlling

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 916.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

weight.² (R. 25).

Although Dr. Fatigati apparently is plaintiff's treating physician, the record indicates that he only examined plaintiff on two occasions - once on January 17, 2011, and subsequently on April 7, 2011. (R. 314-18, 330-32). Dr. Fatigati confirmed plaintiff's previous diagnosis of myotonic dystrophy and he also indicated she has irritable bowel syndrome. (R. 318, 330, 332). Dr. Fatigati's physical examinations of plaintiff on both occasions generally were unremarkable. (R. 317-18, 331-32).

The record contains no additional treatment notes from Dr. Fatigati other than a residual functional capacity questionnaire which he completed on March 29, 2012, nearly one year after he last examined plaintiff. (R. 336-39). According to Dr. Fatigati's check mark answers on the form report, plaintiff would require three unscheduled breaks during the work day, and she likely would miss work more than four times per month. (R. 338). Plaintiff argues that the ALJ should have given controlling weight to Dr. Fatigati's opinion on those matters, and therefore should have determined that she is unable to work.

Plaintiff is incorrect. The ALJ properly determined that Dr. Fatigati's opinion as to the number of breaks plaintiff would require during the work day and the number of times she likely

---

²If a treating physician's opinion is not entitled to controlling weight, the ALJ will give it the weight he deems appropriate based on such factors as the nature and extent of the treatment relationship, whether the opinion is supported by medical signs and laboratory findings and whether the opinion is consistent with the record as a whole. See 20 C.F.R. §§404.1527(c)(2)-(4), 416.927(c)(2)-(4).

would be absent from work per month was not well supported because it was largely based on her subjective complaints, which the ALJ found were only partially credible as discussed below, and because Dr. Fatigati's own treatment records did not support such limitations. (R. 25). After reviewing the record, the court agrees with the ALJ that Dr. Fatigati's opinion was not entitled to controlling weight. As the ALJ indicated, Dr. Fatigati's form report upon which plaintiff relies does not explain the basis for his opinion concerning work breaks and absences from work, and it is inconsistent with his two physical examinations of plaintiff which fail to document findings that would warrant such limitations. (R. 317-18, 331-32). For these reasons, the court finds that there was no error in the ALJ's consideration and weighing of Dr. Fatigati's opinion.[3]

Plaintiff next argues that the ALJ did not properly evaluate her subjective complaints concerning her claimed limitations. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181

---

[3] Although the ALJ did not give Dr. Fatigati's opinion controlling weight, he nonetheless considered and relied upon it in making the RFC Finding. (R. 25). For example, the RFC Finding provided for two additional ten minute bathroom breaks in addition to regularly scheduled breaks.

F.3d 429, 433 (3d Cir. 1999). In this case, the ALJ properly analyzed plaintiff's subjective complaints and explained why he found her testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including plaintiff's own statements about her symptoms and limitations, the medical evidence of record, the extent of plaintiff's treatment and the opinions of physicians who treated and examined her. See 20 C.F.R. §§404.1529(c)(1) and (c)(3), 416.929(c)(1) and (c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ concluded that the objective evidence is inconsistent with plaintiff's allegation of total disabling limitations. Accordingly, the ALJ determined that plaintiff's testimony regarding her limitations was only partially credible. (R. 26). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision, (R. 20-26), and is satisfied that such determination is supported by substantial evidence.

Plaintiff's final argument is that the ALJ mischaracterized the record because he stated that "[t]he diagnosis of irritable bowel syndrome appears to have [been] made only as of April 7, 2011," (R. 27), but there is evidence of irritable bowel syndrome

predating that time. Contrary to plaintiff's position, the ALJ thoroughly discussed and considered all of the medical evidence of record, he found that irritable bowel syndrome was one of plaintiff's severe impairments, and his RFC Finding accounted for limitations which resulted from that condition by including two additional ten minute bathroom breaks in addition to regularly scheduled breaks. (R. 18, 20-25, 27). Accordingly, even if the ALJ made an error in referencing when plaintiff's irritable bowel syndrome was diagnosed, any such error was harmless because he was fully aware of that condition and accounted for any resulting limitations in crafting the RFC Finding.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Acting Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Edward C. Morascyzk, Esq.
Edward C. Morascyzk & Associates
382 West Chestnut Street
Washington, PA 15301

Michael Colville
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219